# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WOODROW ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV01627 ERW |
| | ) | |
| GARY BAILEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for further review of the complaint pursuant to 28 U.S.C. § 1915(e). Because the plaintiff is proceeding in forma pauperis, the Court is required to dismiss the complaint at any time if the Court determines that it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a person immune to such relief. 28 U.S.C. § 1915(e)(2). After reviewing the complaint, along with defendant Luck's motion to dismiss, the Court finds that the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff, a prisoner at the Farmington Correctional Center ("FCC"), seeks monetary relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Plaintiff alleges that the Division of Child Support Enforcement, over the past seventeen years, has unlawfully issued Income Withholding Orders against him in

violation of his due process rights. The complaint seeks declaratory and monetary relief.

This Court lacks jurisdiction over the subject matter of this case, i.e., alimony and child support. Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody."); Tufano v. Alpert, 968 F. Supp. 112, 113 (E.D.N.Y. 1997) (court lacked subject matter jurisdiction over case brought under 42 U.S.C. § 1983 where litigant sought relief from decision of state family court). Consequently, this case should be dismissed pursuant to 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(h)(3).

Additionally, "[q]ualified immunity protects state actors from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Maness v. Dist. Court, 495 F.3d 943, 944 (8th Cir. 2007) (analyzing qualified immunity on 28 U.S.C. § 1915(e)(2)(B) review). Defendants' alleged actions of withholding plaintiff's income pursuant to a family court order does not violate a clearly established federal right. As a result, even if this Court had jurisdiction over the complaint, defendants would have qualified immunity, and this case would be dismissed pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that the complaint is **dismissed** pursuant to 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(h)(3).

An Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 7th Day of December, 2007.

　　　　　　　　　　　　　　　　　　／s／ E. Richard Webber
　　　　　　　　　　　　　　　　　　E. RICHARD WEBBER
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE